**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JAMOR J. DEMBY,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DAVID OWENS, et al.,**<br><br>**Defendants.** | **Civil Action No. 25-2558 (RK)**<br><br>**MEMORANDUM OPINION & ORDER** |

This matter has been opened to the Court by Plaintiff Jamor J. Demby's filing of a Complaint and an application to proceed *in forma pauperis* ("IFP application"). (ECF Nos. 1, 1-1.) At the time he filed his Complaint, Plaintiff was confined at Essex County Correctional Facility; he subsequently filed an Amended Complaint and filed a notice of change of address, which appears to list a private address. (ECF Nos. 3-4.) At this time, the Court grants Petitioner's IFP application and dismisses the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). To survive screening, Plaintiff's Complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *See id.* Because Plaintiff is proceeding pro se, the Court construes his allegations liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Plaintiff's allegations stem from his incarceration at Camden County Correctional Facility. According to the Amended Complaint, on February 18, 2025, "[P]laintiff was admitted into the general population, and placed in cell 63 on 3-S-B." (ECF No. 3, Amended Complaint at 2.) The cell "had two people inside it. (*Id.*) "Plaintiff was made to sleep on the floor with his mattress for two days with his head next to a toilet." (*Id.*) The following morning "[P]laintiff was then given a bunk to sleep on" and "was then shipped out to the Essex County Correctional facility." (*Id.*)

Plaintiff raises constitutional claims under the Eighth and Fourteenth Amendments arising from this incident and has sued the City of Camden, Camden County, and individual Defendants Karen Taylor, Louis Cappelli Jr., Jeffer L. Nash, Carmen G. Rodriguez, Johnathan L. Young, Melinda Kane, Barbara Holcomb, and Edward T. Mcdonnell. (*Id.* at 2-9.) The non-entity Defendants are sued in their individual capacities under the doctrine of respondeat superior and for their alleged policies and customs, which are not described in the Amended Complaint. (*Id.*)

The Court construes Plaintiff to bring his claims under 42 U.S.C. § 1983 and allege that sleeping on a mattress on the floor for two days with his head near the toilet violates the Fourteenth Amendment.[1] To bring a claim under § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or the laws of the United States committed by a person acting under the color of state law." *Natale v. Camden Cnty. Correctional Facility*, 318 F.3d 575, 580–81 (3d Cir. 2003) (citations omitted). To state a Fourteenth Amendment claim, a pretrial detainee must allege that his conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520,

[1] Plaintiff also alleges violations of the Eighth Amendment, but he does not plead facts to suggest that he is a convicted and sentenced prisoner. *See Hubbard v. Taylor*, 399 F.3d 150, 164 (3d Cir. 2005). Therefore, the Court addresses his claims under the Fourteenth Amendment and dismisses without prejudice his Eighth Amendment claims based on the same facts.

538 (1979). "Unconstitutional punishment typically includes both objective and subjective components." *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). "[T]he objective component requires an inquiry into whether the deprivation was sufficiently serious[,] and the subjective component asks whether the officials acted with a sufficiently culpable state of mind." *Id.* (internal quotations and alterations omitted).

Only conditions of confinement that "cause [detainees] to endure genuine privations and hardship over an extended period of time" violate due process. *Bell*, 441 U.S. at 542. Additionally, "a 'particular measure amounts to punishment when there is a showing of express intent to punish on the part of detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose.'" *Bistrian v. Levi*, 696 F.3d 352, 373 (3d Cir. 2012) (quoting *Stevenson*, 495 F.3d at 68); *Steele v. Cicchi*, 855 F.3d 494, 504 (3d Cir. 2017). Courts should consider the totality of the circumstances in evaluating such a claim. *Bistrian,* 696 F.3d at 373 ("In evaluating a pretrial detainee's claim of unconstitutional punishment, courts must examine the totality of the circumstances within the institution.").

The Court finds that Plaintiff fails to state a claim for relief under the Fourteenth Amendment based on his conditions of confinement at Camden County Correctional Facility. The Court's analysis turns on the severity and duration of the conditions pleaded in the Amended Complaint. Absent additional facts, the deprivation at issue is not severe in nature and lasted only two days. Plaintiff provides insufficient facts from for the Court to assess the totality of his circumstances during the two-day period, and, without more, sleeping with one's head on a mattress near the toilet for two nights does not rise to the level of a constitutional violation[2].

[2] There is no information plead as to why, if more desirable, plaintiff did not simply choose to sleep with his head on the other side of the mattress and thus not in such proximity to the toilet.

Moreover, Plaintiff does not plead facts showing that any of the individual Defendants acted with a sufficiently culpable state of mind. Plaintiff has sued the individual Defendants under the theory of respondeat superior liability, which is not a basis for § 1983 liability. *See Iqbal*, 556 U.S. at 676. He has not pleaded any facts about the purported policies or customs at issue or shown that any of the Defendants intended to punish him. Nor does he plead any facts showing that the deprivation was unrelated to legitimate penological interests or was excessive in light of that purpose. Because Plaintiff has not pleaded sufficient facts to make out a Fourteenth Amendment violation against any of the individual Defendants and has likewise failed to plead facts suggesting that the City of Camden or Camden County is liable under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), the Court dismisses the Fourteenth Amendment claims as to all Defendants.

Within 30 days, Plaintiff may submit a second amended complaint if he can cure the deficiencies in his federal claims. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). The Court directs the Clerk of the Court to mark this matter as CLOSED subject to reopening if Plaintiff submits a second amended complaint within 30 days.

**IT IS, THEREFORE**, on this 15th day of September 2026;

**ORDERED** that Plaintiff's IFP application GRANTED; and it is further

**ORDERED** that the Complaint is dismissed for failure to state a claim for relief pursuant to the Court's screening authority under 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that Plaintiff may file a second amended complaint within 30 days if he seeks to and can cure the deficiencies in his federal claims; and it is further

**ORDERED** that if Plaintiff does not file a second amended complaint or respond to this Order within 30 days, this action shall remain closed and the dismissal with leave to amend shall convert automatically to a dismissal without prejudice; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum & Order to Plaintiff by regular U.S. mail and mark this case as CLOSED.

ROBERT KIRSCH
United States District Judge